SCHINDEL, FARMAN, LIPSIUS, GARDNER & RABINOVICH LLP
David BenHaim (DB 9810)
4 Cornwall Drive, Suite 101
East Brunswick, NJ 08816
732-390-0166
Attorneys for Defendant The Sylvia Diamond Insurance Trust
by and through its Trustee, Alan Rubenstein

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
-------------------------------------------------------------
PHL VARIABLE INSURANCE COMPANY,	No. 3:10-cv-01245

   Plaintiff,

 -against-	**ANSWER**

THE SYLVIA DIAMOND INSURANCE TRUST
by and through its Trustee, Alan Rubenstein,

   Defendant.
-------------------------------------------------------------

  Defendant, by its attorneys Schindel, Farman, Lipsius, Gardner & Rabinovich LLP, as and for its Answer to the Complaint, alleges as follows:

  1.  Paragraph 1 contains no allegations directed to the defendant that require a responsive pleading.  To the extent that a response is required, defendant denies the allegations contained in paragraph 1 of the Complaint.

  2.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint.

  3.  Paragraph 3 contains allegations regarding third parties and legal conclusions to which no responsive pleading is required.  To the extent that a response is required, defendant denies the allegations and avers that the Trust and the Trustee are citizens of New York

  4.  Paragraph 4 contains legal conclusions to which no responsive pleading is required.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint.

6. Paragraph 6 contains allegations regarding third parties and legal conclusions to which no responsive pleading is required. To the extent that a response is required, defendant denies the allegations and avers that the Trust and the Trustee are citizens of New York

7. Paragraph 7 contains legal conclusions to which no responsive pleading is required.

8. Admits the allegations contained in paragraph 8 of the Complaint.

9. Paragraph 9 contains legal conclusions to which no responsive pleading is required.

10. Paragraph 10 contains legal conclusions to which no responsive pleading is required.

11. Paragraph 11 contains legal conclusions to which no responsive pleading is required.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint.

13. Denies the allegations contained in paragraph 13 of the Complaint.

14. Denies the allegations contained in paragraph 14 of the Complaint.

15. Denies the allegations contained in paragraph 15 of the Complaint.

16. Denies the allegations contained in paragraph 16 of the Complaint.

17. Denies the allegations contained in paragraph 17 of the Complaint and refers to the application which speaks for itself.

18. Denies the allegations contained in paragraph 18 of the Complaint.

19. Denies the allegations contained in paragraph 19 of the Complaint.

20. Denies the allegations contained in paragraph 20 of the Complaint.

21. Paragraph 21 contains no allegations directed to the defendant that require a responsive pleading.  To the extent that a response is required, defendant denies the allegations contained in paragraph 21 of the Complaint.

## AS TO COUNT I

22. Answering defendant incorporates by reference its answers to paragraph 1 through 21 of the Complaint as if the same were set forth at length herein.

23. Paragraph 23 contains no allegations directed to the defendant that require a responsive pleading.  To the extent that a response is required, defendant denies the allegations contained in paragraph 23 of the Complaint.

24. Denies the allegations contained in paragraph 24 of the Complaint.

25. Denies the allegations contained in paragraph 25 of the Complaint.

26. Paragraph 26 contains no allegations directed to the defendant that require a responsive pleading.  Defendant demands that plaintiff's preferred tender be executed immediately.

27. Paragraph 27 contains no allegations directed to the defendant that require a responsive pleading.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted and should therefore be dismissed.

## SECOND AFFIRMATIVE DEFENSE

To the extent that the Plaintiff relies on any alleged representations and misrepresentations in any materials not attached to the Policy as issued, such statements may not be relied on to support any of the allegations in the Complaint.

## THIRD AFFIRMATIVE DEFENSE

To the extent that Plaintiff relies on any alleged representations and misrepresentations made to it or its agents or employees by any parties, these representations and/or misrepresentations were and are not material to the risk insured under the Policy, the underwriting and issuance of the Policy, or the premiums charged or calculated.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff and/or its agents was/were aware of all of the facts surrounding the policies and the insured and therefore has/have waived any alleged basis to void or rescind the Policy.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff and/or its agents could have made itself/themselves aware of all of the facts surrounding the policies and the insured and therefore has/have waived any alleged basis to void or rescind the Policy.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff and/or its agents was/were aware of all of the facts surrounding the policies and the insured and therefore is/are estopped from rescinding the Policy.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff and/or its agents could have made itself/themselves aware of all of the facts surrounding the policies and the insured and therefore is/are estopped from rescinding the Policy.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff failed to refund premium and therefore is barred from rescinding coverage.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred under the doctrine of "unclean hands."

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred under the doctrine of laches.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred under the doctrine of estoppel and/or waiver.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff has ratified any wrongful actions asserted in this case pertaining to the policy as it has refused to refund the premium made to plaintiff.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff is estopped from seeking remedies against defendant because, among other things, plaintiff has accepted the premium for insuring the policy.

**WHEREFORE**, defendant respectfully requests that this Court enter judgment in its favor and against plaintiff, and that the Complaint be dismissed and that defendant be awarded his fees and costs incurred in the defense of this lawsuit, together with such other and further relief as this Court deems just and proper.

Dated: April 13, 2010

SCHINDEL, FARMAN, LIPSIUS,
GARDNER & RABINOVICH LLP
Attorneys for Defendant

By: _____
David BenHaim (DB 9810)
4 Cornwall Drive, Suite 101
East Brunswick, NJ 08816